1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW F. DAWSON (CABN 264421)
   GREGG W. LOWDER (CABN 107864)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       FAX: (415) 436-7234
8      Email:  Gregg.Lowder@usdoj.gov

9  Attorneys for United States of America

10                   UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,            )  CASE NO. CR 18-0533 RS
                                         )
14          Plaintiff,                   )  **RECORDED NOTICE OF PENDENCY OF**
                                         )  **ACTION (LIS PENDENS) AS TO REAL**
15     v.                                )  **PROPERTY AND IMPROVEMENTS**
                                         )  **LOCATED AT 383 KALAIMOKU, TOWER 2,**
16  EDVIN OVASAPYAN and                  )  **CONDO UNIT #3106, HONOLULU, HAWAII**
    HAKOB KOJOYAN,                       )  **96815**
17                                       )
                                         )
18          Defendants.                  )
    _____)

19

20          The United States hereby submits the attached Recorded Notice of Pendency of Action (Lis

21  Pendens) as to Real Property and Improvements Located at 383 Kalaimoku, Tower 2, Condo Unit

22  #3106, Honolulu, Hawaii 96815 (APN 260180430207, Tax Map Key, 4-2-6-018-043).

23                                          Respectfully submitted,

24                                          DAVID L. ANDERSON
                                            United States Attorney
25  Dated: 4/22/2019

26
                                            GREGG W. LOWDER
27                                          Assistant United States Attorney

28

RECORDED NOTICE OF LIS PENDENS
CR 18-0533 RS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she caused a copy of

- Recorded Notice of Pendency of Action (Lis Pendens) as to Real Property and
  Improvements located at 383 Kalaimoku, Tower 2, Condo Unit 3106, Honolulu, HI

to be served this date via United States first class mail delivery upon the person(s) below at the place(s)

and address(es) which is the last known address(es):

| ESJ Group LLC | ESJ Group LLC |
|---|---|
| 383 Kalaimoku, Tower 2, Unit #3106 | 725 SW Higgins Avenue, Suite C |
| Honolulu, HI 96815 | Missoula, Montana 59803 |

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of April, 2019 at San Francisco, California

*Carolyn Jusay*
CAROLYN JUSAY
FSA Paralegal
Asset Forfeiture Unit

RECORDED NOTICE OF LIS PENDENS
CR 18-0533 RS

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED  April 16, 2019  3:29 PM
Doc No A70450804

/s/ LESLIE T. KOBATA, Registrar
KEO 30

_____ LAND COURT SYSTEM    XX   REGULAR SYSTEM

AFTER RECORDATION, RETURN BY MAIL TO:
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Attn: United States Attorney's Office, NDCA
AUSA Gregg W. Lowder
Case Name:  USA v. Edvin Ovasapyan and Hakob Kojoyan

TITLE OF DOCUMENT:

    NOTICE OF PENDENCY OF ACTION (LIS PENDENS) WITH HAWAII
BUREAU OF CONVEYANCES PROPERTY RECORD NUMBER

| PROPERTY DESCRIPTION: | LIBER/PAGE: |
|---|---|
| TMK: 4-2-6-018-043 | |
| LAND COURT DOC NO: T10439133 | DOCUMENT NO.: A67870402A |
| CERT #: 1094574, 1161019 | |
| REAL PROPERTY LOCATED AT: | NO. OF PAGES: 29 |
| 383 Kalaimoku, Tower 2, | |
| Condo Unit 3106, Honolulu, | |
| Hawaii 96815, TOGETHER WITH ALL | |
| APPURTENANCES AND IMPROVEMENTS. | |

In accordance with the provisions of Sections 634-51 and 502-31
(Regular System) and 501-151 (Land Court) of the Hawaii Revised
Statutes, this page is attached to that certain instrument
dated April 16, 2019, and entitled:

        U.S.A. v. Edvin Ovasapyan and Hakob Kojoyan
    Court No. Criminal No. CR 18-0533 RS_____
                (U.S. District Court for the Northern
                District of California)

STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED  April 16, 2019  3:29 PM
Doc No T10697233
On Cert(s) 1161019
Issuance of Cert(s)


/s/ LESLIE T. KOBATA, Assistant Registrar
klm 30

<u>  XX  </u>   LAND COURT SYSTEM     <u>        </u>   REGULAR SYSTEM

AFTER RECORDATION, RETURN BY MAIL TO:
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Attn: United States Attorney's Office, NDCA
AUSA Gregg W. Lowder
Case Name:  USA v. Edvin Ovasapyan and Hakob Kojoyan

TITLE OF DOCUMENT:

NOTICE OF PENDENCY OF ACTION (LIS PENDENS) WITH HAWAII BUREAU OF
CONVEYANCES PROPERTY RECORD NUMBER

| PROPERTY DESCRIPTION: | LIBER/PAGE: |
|---|---|
| TMK: 4-2-6-018-043 | |
| LAND COURT DOC NO: T10439133 | DOCUMENT NO.: A67870402A |
| CERT #: 1094574, 1161019 | |
| REAL PROPERTY LOCATED AT: | NO. OF PAGES: 29 |
| 383 Kalaimoku, Tower 2, | |
| Condo Unit 3106, Honolulu, | |
| Hawaii 96815, TOGETHER WITH ALL | |
| APPURTENANCES AND IMPROVEMENTS. | |

In accordance with the provisions of Sections 634-51 and 502-31
(Regular System) and 501-151 (Land Court) of the Hawaii Revised
Statutes, this page is attached to that certain instrument
dated April 16, 2019, and entitled:

U.S.A. v. Edvin Ovasapyan and Hakob Kojoyan
Court No. Criminal No. CR 18-0533 RS
         (U.S. District Court for the Northern
         District of California)

1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney

2

3   HALLIE HOFFMAN (CABN 210020)
    Chief, Criminal Division

4   ANDREW F. DAWSON (CABN 264421)
    GREGG W. LOWDER (CABN 107864)

5   Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495

7      Telephone: (415) 436-7044
      FAX: (415) 436-6748

8      Gregg.Lowder@usdoj.gov
      Andrew.Dawson@usdoj.gov

9

10   Attorneys for United States of America

              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14   UNITED STATES OF AMERICA,      )   No.    CR 18-0533 RS
                        )

15      Plaintiff,              )   NOTICE OF PENDENCY OF ACTION (LIS
                        )   PENDENS) **WITH HAWAII BUREAU OF**

16     v.                      )   **CONVEYANCES (REGULAR SYSTEM) AND**
                        )   **OFFICE OF ASSISTANT REGISTRAR (LAND**

17   EDVIN OVASAPYAN and        )   **COURT SYSTEM) PROPERTY RECORD**
    HAKOB KOJOYAN,           )   **NUMBERS**

18                         )
     Defendants.           )

19                         )

20   PROPERTY AFFECTED:         )
                        )

21   REAL PROPERTY AND IMPROVEMENTS)
    LOCATED AT 383 KALAIMOKU, TOWER 2)

22   CONDO UNIT 3106, HONOLULU, HAWAII)
    96815                       )

23                         )
    **TMK: 4-2-6-018-043**       )

24                         )
    **LAND COURT DOC # T-10439133**  )

25   **CERTIFICATE # 1094574, 1161019**  )
                        )

26   **REGULAR SYSTEM DOC #A67870402A** )

27   _____

28

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
    SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
By _____
               Deputy Clerk
Date 4/16/19

NOTICE OF LIS PENDENS – 383 KALAIMOKU, TOWER 2, UNIT 3106, HONOLULU, HAWAII
CR 18-0533 RS                 1

1       NOTICE IS HEREBY GIVEN that a criminal action has been commenced in the above-entitled

2   Court pursuant to an Indictment filed under the above case number (attached hereto as Exhibit A) and a

3   Third Bill of Particulars for Forfeiture of Property has been filed by the United States of America on

4   April 1, 2019 (attached hereto as Exhibit B) has been filed in the above case to secure the judicial

5   forfeiture to the United States of the real property and improvements located at 383 Kalaimoku, Tower

6   2, Condo Unit 3106, Honolulu, Hawaii 96815, titled in the name of ESJ Group, LLC, designated as Tax

7   Map Key: 4-2-6-018-043, APN: 260180430207 which is further described in Exhibit C (also attached

8   hereto).

9       The United States alleges that the said real property is subject to forfeiture pursuant to 18 U.S.C.

10   § 981, 18 U.S.C. § 982 and 28 U.S.C. § 2461(c).

11       The lastest conveyance of record with reference to the property is found at the Office of the

12   Assistant Registrar of the Land Court of the State of Hawaii with Document Number T-10439133,

13   Certificate numbers, 1094574 and 1161019 and at the Hawaii Bureau of Conveyances with Document

14   Number A67870402A.  The owner of record to the said property is ESJ Group, LLC.

15

16   DATED: 4/16/2019

17                                    Respectfully submitted,

18                                    DAVID L. ANDERSON
                                     United States Attorney

19

20                                    GREGG W. LOWDER
                                     Assistant United States Attorney

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of

- Notice of Pendency of Action (Lis Pendens) with Hawaii Bureau of Conveyances (Regular System) and Office of Assistant Registrar (Land Court System) Property Record Numbers

to be served this date via United States certified mail delivery and first class mail delivery upon the person(s) below at the place(s) and address(es) which is the last known address(es):

| ESJ Group LLC<br>383 Kalaimoku, Tower 2, Condo Unit 3106<br>Honolulu, Hawaii 96815 | ESJ Group LLC<br>725 SW Higgins Avenue, Suite C<br>Missoula, Montana 59803 |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed ___16th___day of April, 2019, at San Francisco, California

Carolyn Jusay

CAROLYN JUSAY
FSA Paralegal
Asset Forfeiture Unit

NOTICE OF LIS PENDENS – 383 KALAIMOKU, TOWER 2, UNIT 3106, HONOLULU, HAWAII
CR 18-0533 RS                                                3

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                     **CIVIL CODE § 1189**

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                       )

County of ___San Francisco___                            )

On ____April 16, 2019___ before me, ___Tyle L. Doerr, Notary Public_____,
           *Date*                                     *Here Insert Name and Title of the Officer*

personally appeared ___Gregg W. Lowder_____

                                          *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                            *Signature of Notary Public*

**TYLE L. DOERR**
Commission # 2134483
Notary Public - California
San Francisco County
My Comm. Expires Nov 20, 2019

      *Place Notary Seal Above*

--------------------------------- OPTIONAL ---------------------------------
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document** Notice of Pendency of Action (Lis Pendens) with

Title or Type of Document: Hawaii Bureau of Conveyances (Regular System) and Office of Assistant Registrar (Land Court) Property Rec. N Document Date: __04/11/19__

Number of Pages: _____28 Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: __Gregg W. Lowder_____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☒ Individual   ☐ Attorney in Fact | ☐ Individual   ☐ Attorney in Fact |
| ☐ Trustee   ☐ Guardian or Conservator | ☐ Trustee   ☐ Guardian or Conservator |
| ☒ Other: _Assistant United States Attorney_ | ☐ Other: _____ |
| Signer is Representing: _United States Attorneys_ _Office - DOJ_ | Signer is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# Exhibit A

1  ALEX G. TSE (CABN 152348)
   United States Attorney
2

3                                              FILED

4                                              NOV – 1 2018
                                              SUSAN Y. SOONG
5                                        CLERK, U.S. DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,            )  CASE NO.  CR 18   533  RS
                                          )
12          Plaintiff,                    )
                                          )
13     v.                                 )  VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18
                                          )  U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
14  EDVIN OVASAPYAN and                   )  18 U.S.C. § 1956(h) – Conspiracy to Commit
    HAKOB KOJOYAN,                        )  Laundering of Monetary Instruments; 18 U.S.C.
15                                        )  § 371 – Conspiracy to Engage in the Unlawful
            Defendants.                   )  Wholesale Distribution of Drugs;  18 U.S.C. § 2 –
16                                        )  Aiding and Abetting; 18 U.S.C. §§ 981, 982 & 28
                                          )  U.S.C. § 2461(c) – Criminal Forfeiture
17                                        )
                                          )  SAN FRANCISCO VENUE
18                                        )
                                          )
19

20                              I N D I C T M E N T

21  The Grand Jury charges:

22                           Introductory Allegations

23     At all times relevant to this Indictment:

24  Overview of the Regulation of the Distribution of Prescription Drugs

25     1.     The Food and Drug Administration ("FDA") is the federal agency of the United States

26  responsible for administering federal statutes and regulations aimed at protecting the health and safety of

27  United States citizens and residents by ensuring that, among other things, drugs are safe and effective for

28  their intended uses and that the labeling of such drugs bears true, complete, and accurate

                                              1

1    informationefore they may be offered and sold in the United States.

2         2.    One of the statutes that the FDA enforces is the Federal Food, Drug and Cosmetic Act

3    (FDCA) as amended by the Drug Supply Chain and Security Act (DSCSA), which is designed to,

4    among other things, ensure that drugs sold for human use are safe and effective for their intended uses.

5         3.    The FDCA defines a "drug" as: (A) articles recognized in the official United States

6    Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National

7    Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure,

8    mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food)

9    intended to affect the structure or any function of the body of man or other animals; and (D) articles

10   intended for use as a component of any articles specified in clause (A), (B), or (C).

11        4.    A "prescription drug" is any drug which, because of its toxicity and other potential for

12   harmful effects, or the method of its use, or the collateral measures necessary to its use, is not considered

13   safe for use except under the supervision of a practitioner licensed by State law to administer such drugs,

14   or any drug which is limited by an approved new drug application to use under the professional

15   supervision of a practitioner licensed by law to administer such drug. 21 U.S.C. §353(b)(1).

16        5.    On November 27, 2013, the DSCSA was enacted to better protect the integrity of the

17   nation's drug distribution system. One of the intended results of the DSCSA is to prevent the practice

18   known as prescription drug diversion.   Under the DSCSA:

19            a)    "Wholesale Distribution" means distribution of a prescription drug to or receipt of

20                 a prescription drug by a person other than a consumer or patient, but does not include

21                 the lawful dispensing of a prescription drug pursuant to a prescription according to 21

22                 U.S.C. §353(b)(1).

23            b)    A "wholesale distributor" of prescription drugs means a person (other than the

24                 manufacturer, a manufacturer's co- licensed partner, a third party logistics provider, or

25                 repackager) engaged in wholesale distribution.

26            c)    "Authorized" in the case of a wholesale distributor means having a valid license

27                 under State law or 21 U.S.C. § 360eee-2, in accordance with 21 U.S.C. §360eee-1(a)(6).

28            d)    "Licensed," in the case of a wholesale distributor, means having a valid license in

                                                  2

accordance under 21 U.S.C. §353(e) or State law.

    e)   "Transaction history" means a statement in paper or electronic form that includes the transaction information for each prior transaction going back to the manufacturer of the drug product.

    f)   "Transaction information" includes, among other things, the strength and dosage form of the drug product, the number of containers, the lot number of the drug product, and the business name and address of the persons from whom and to whom ownership is being transferred.

    g)   "Transaction statement" means a statement in paper or electronic form that the entity transferring ownership of a drug product is in compliance with certain provisions of the DSCSA.

6.    Effective January 1, 2015, the FDCA, as amended by the DSCSA, imposes requirements on wholesale distributors of most prescription drugs, including certain product tracing requirements. Specifically:

    a)   A wholesale distributor shall not accept ownership of a product unless the previous owner prior to, or at the time of, the transaction provides the transaction history, transaction information, and a transaction statement for the product.

    b)   The trading partners of a wholesale distributor may only be authorized trading partners.

7.    If a wholesale distributor purchased a product directly from the manufacturer, the exclusive distributor of the manufacturer, or a repackager that purchased directly from the manufacturer, then prior to, or at the time of, each transaction in which the wholesale distributor transfers ownership of a product, the wholesale distributor shall provide to the subsequent purchaser—

    a)   a transaction statement, which shall state that such wholesale distributor, or a member of the affiliate of such wholesale distributor, purchased the product directly from the manufacturer, exclusive distributor of the manufacturer, or repackager that purchased the product directly from the manufacturer; and

    b)   the transaction history and transaction information.

8.     Wholesale distributors of prescription drugs who did not purchase a prescription drug directly from the manufacturer, the exclusive distributor of the manufacturer, or a repackager directly from the manufacturer must, prior to or at the time of each transaction, provide to the subsequent purchaser a transaction history, transaction information, and transaction statement. Wholesale distributors must capture the transaction information (including lot level information), transaction history, and transaction statements for each transaction described above, and maintain that information, history and statement for not less than six years after the date of the transaction.

The Defendants and Related Entities

9.     Defendant Edvin OVASAPYAN is the owner and operator of Mainspring Distribution, a Pennsylvania limited liability company. OVASAPYAN resides in the State of California.

10.     Mainspring Distribution ("Mainspring") is a Pennsylvania corporate entity that has been licensed by the Commonwealth of Pennsylvania as a wholesale pharmaceutical distributor.

11.     Defendant Hakob KOJOYAN resides in the State of California.

The Conspiracy and Scheme to Defraud

12.     Beginning at a date unknown to the grand jury, but no later than on or about February 9, 2017, and continuing through a date unknown to the grand jury, but to at least on or about April 5, 2018, OVASAPYAN and KOJOYAN knowingly devised, intended to devise, and carried out a conspiracy and scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts with a duty to disclose.

As part of the conspiracy and scheme to defraud:

13.     OVASAPYAN, through his control of Mainspring, sold or arranged to be sold large quantities of prescription pharmaceuticals to retail pharmacies and wholesalers across the United States. OVASAPYAN, KOJOYAN, and others known and unknown to the Grand Jury generated false and misleading documentation claiming that the drugs sold by Mainspring had been acquired in compliance with federal law from authorized trading partners who were licensed, legitimate suppliers. In sum, OVASAPYAN, KOJOYAN, and their coconspirators identified a licensed wholesaler in California (hereinafter, the LICENSED SUPPLIER) and then created paperwork falsely representing that

4

1  Mainspring's supply of prescription drugs had been acquired from the LICENSED SUPPLIER. In

2  reality, Mainspring had never acquired any prescription drugs from the LICENSED SUPPLIER, and the

3  drugs sold under that name had in fact been acquired from illicit, unlicensed sources.

4       14.   In particular, when Mainspring sold prescription drugs to its customers, it provided those

5  customers with documentation purporting to be the required transaction information, transaction

6  statements, and transaction histories (collectively, "Transaction Documentation"). Provision of such

7  documentation is required by the DSCSA. Since on or about February 2017, Transaction

8  Documentation for Mainspring's sales, prepared in connection with certain transactions, represented that

9  a particular supplier (hereinafter, "SUPPLIER ONE"), was the source from which Mainspring had

10  acquired the drug. That Transaction Documentation was false and misleading.

11       15.   The listed name for SUPPLIER ONE on the Transaction Documentation prepared in

12  connection with certain transactions was misleadingly similar to the name of the LICENSED

13  SUPPLIER, and it created the false impression that the prescription drugs in question had, in fact, been

14  supplied by the LICENSED SUPPLIER. The Transaction Documentation buttressed this false

15  impression by also listing the LICENSED SUPPLIER's business address in the state of California.

16  Customers reviewing the Transaction Documentation purporting to identify the source of the

17  prescription drugs would therefore see a name confusingly similar to the LICENSED SUPPLIER, in

18  addition to the business address for the LICENSED SUPPLIER. In reality, the prescription drugs sold

19  by Mainspring were acquired from other sources that were never disclosed to customers or reflected in

20  the Transaction Documentation. In some instances, these prescription drugs were unlawfully acquired

21  from unlicensed individuals operating in the State of California.

22       16.   KOJOYAN and OVASAPYAN communicated frequently during the course of the

23  conspiracy, and KOJOYAN knowingly participated in the scheme to mislead customers into believing

24  that Mainspring's supply of prescription drugs was legitimate. KOJOYAN and OVASAPYAN

25  monitored the licensure status for the LICENSED SUPPLIER, and in the event the license for the

26  LICENSED SUPPLIER became inactive, OVASAPYAN and KOJOYAN would cease sales activity

27  until the license was reactivated.

28       17.   As a further part of the conspiracy and the scheme to defraud, OVASAPYAN,

INDICTMENT                   3

1  KOJOYAN, and others established and caused to be established shell companies with names deceptively
2  similar to the LICENSED SUPPLIER. OVASAPYAN and KOJOYAN then established and caused to
3  be established bank accounts held in those deceptively similar corporate names. In order to conceal the
4  fraud, OVASAPYAN and KOJOYAN arranged for Mainspring to transfer funds to these deceptively
5  named accounts in order to create banking records superficially consistent with financial transfers to a
6  legitimate, LICENSED SUPPLIER. However, Mainspring never transferred any funds to any bank
7  account controlled by the LICENSED SUPPLIER, and it otherwise never did any business with the
8  LICENSED SUPPLIER. In reality, the funds transferred from Mainspring to the accounts established
9  by KOJOYAN and others were often liquidated and returned as proceeds to the co-conspirators, or else
10 transferred to other bank accounts. Only a very small portion of the funds acquired by Mainspring from
11 its customers was ever sent to a licensed prescription drug wholesaler.

12 COUNT ONE:          (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)
13     18.    Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated as if fully set
14 forth here.
15     19.    Beginning no later than on or about February 9, 2017, and continuing through at least on
16 or about April 5, 2018, in the Northern District of California and elsewhere, the defendants,

17                 EDVIN OVASAPYAN and
                   HAKOB KOJOYAN,
18
19 did knowingly conspire to devise and intend to devise a scheme and artifice to defraud as to a material
20 matter, and to obtain money and property by means of materially false and fraudulent pretenses,
21 representations, and promises, and by omissions and concealment of material facts with a duty to
22 disclose, and, for the purpose of executing such scheme and artifice to defraud, to transmit and cause the
23 transmission of wire communications in interstate commerce, in violation of Title 18, United States
24 Code, Section 1343.
25     All in violation of Title 18, United States Code, Section 1349.
26 COUNTS TWO AND THREE:    (18 U.S.C. § 1343 and 2 – Wire Fraud and Aiding and Abetting)
27     20.    Paragraphs 1 through 19 of this Indictment are re-alleged and incorporated as if fully set
28 forth here.

INDICTMENT                                4

21.    Beginning at a date unknown to the grand jury, but no later than on or about February 9, 2017, and continuing as to all defendants to a date unknown to the grand jury, but to at least on or about April 5, 2018, in the Northern District of California and elsewhere, the defendants,

EDVIN OVASAPYAN, and
HAKOB KOJOYAN

did knowingly and with the intent to defraud device and execute, and attempt to execute, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

22.    On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendants did knowingly transmit and cause to be transmitted writings, signs, signals, pictures, and sounds in interstate commerce by means of wire communications:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| 2 | 3/16/2018 | Electronic Transfer of $42,000 from Mainspring to Bank Account Domiciled in San Mateo, California |
| 3 | 4/5/2018 | Electronic Transfer of $15,000 from Mainspring to a Bank Account Domiciled in San Mateo, California |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT FOUR:    (18 U.S.C. § 1956(h) – Conspiracy to Commit Laundering of Monetary Instruments)

23.    Paragraphs 1 through 22 of this Indictment are re-alleged and incorporated as if fully set forth here.

24.    Beginning at a date unknown to the grand jury, but no later than on or about February 9, 2017, and continuing as to all defendants to a date unknown to the grand jury, but to at least on or about April 5, 2018, in the Northern District of California and elsewhere, the defendants,

EDVIN OVASAPYAN, and
HAKOB KOJOYAN

INDICTMENT                                                    5

1  and others known and unknown, unlawfully and knowingly conspired together and with one another to

2  violate Title 18, United States Code, Section 1956(a)(1).

3      25.    It was a part and an object of the conspiracy that the defendants, and others known and

4  unknown to the grand jury, with the intent to promote the carrying on of specified unlawful activity and

5  to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

6  unlawful activity, to wit, conspiracy to commit wire fraud and wire fraud, in violation of Title 18,

7  United States Code, Sections 1343 and 1349, unlawfully and knowingly, and knowing that property

8  involved in a financial transaction represents the proceeds of some form of unlawful activity, would and

9  did conduct and attempt to conduct financial transactions which in fact involved the proceeds of

10  specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1).

11      All in violation of Title 18, United States Code, Section 1956(h).

12  <u>COUNT FIVE:</u>      (18 U.S.C. § 371 – Conspiracy to Engage in the Unlawful Wholesale

13                                  Distribution of Drugs)

14      26.    Paragraphs 1 through 25 of this Indictment are re-alleged and incorporated as if fully set

15  forth here.

16      27.    Beginning at a date unknown to the grand jury, but not later than February 9, 2017, and

17  continuing to a date unknown to the grand jury, but to at least on or about April 5, 2018, in the Northern

18  District of California and elsewhere, the defendants,

19                          EDVIN OVASAPYAN, and
                            HAKOB KOJOYAN

20  and others known and unknown, did knowingly and intentionally conspire to:

21          a)    knowingly engage in the unlicensed wholesale distribution of prescription drugs

22              in interstate commerce, in violation of Title 21, United States Code, Sections 331(t),

23              353(e)(1)(A), 333(b)(1)(D);

24          b)    engage in the wholesale distribution of prescription drugs without obtaining and

25              providing truthful and accurate transaction histories, transaction statements, and

26              transaction information, with intent to defraud and mislead, in violation of Title 21,

27              United States Code, Sections 331(t), 360eee-1(c), and 333(a)(2); and

28

INDICTMENT                                6

c)      defraud the United States and its agencies by impeding, impairing, and defeating the lawful functions of the Food and Drug Administration to protect the health and safety of the public by ensuring that prescription drugs distributed in the United States were safe and effective from the time of manufacturing to the delivery to the entity that sells or dispenses the product to the ultimate consumer or patient.

<u>Manner and Means for Achieving the Objects of the Conspiracy</u>

28.      As part of the conspiracy, the coconspirators acquired prescription drugs from unlicensed dealers in the State of California and shipped them to a facility in the Commonwealth of Pennsylvania that was associated with Mainspring Distribution.

29.      The coconspirators then generated or caused to be generated Transaction Documentation falsely claiming that the prescription drugs had been acquired from the LICENSED SUPPLIER. This Transaction Documentation was distributed to Mainspring's customers, which included retail pharmacies in addition to other wholesale distributors.

30.      As part of the conspiracy, and in order to buttress the coconspirators' false claims as to the source of their prescription drugs, the coconspirators opened and caused to be opened bank accounts in the names of shell business entities with names deceptively similar to the name of the LICENSED SUPPLIER, which was the supposed source of the majority of Mainspring's pharmaceuticals

<u>Overt Acts</u>

31.      In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Northern District of California and elsewhere:

a)      On or about March 16, 2018, the defendants transferred and caused to be transferred $42,000 from an account held in the name of Mainspring Distribution to an account domiciled in San Mateo, California.

b)      On or about April 5, 2018, the defendants transferred and caused to be transferred $15,000 from an account held in the name of Mainspring Distribution to an account domiciled in San Mateo, California

c)      On or about April 14, 2017, the defendants caused Transaction Documentation to be generated for a customer that falsely and fraudulently misrepresented the source of a

INDICTMENT      7

1    prescription drug products.

2    All in violation of Title 18, United States Code, Section 371.

3    FORFEITURE ALLEGATION:        (18 U.S.C. §§ 981, 982, & 28 U.S.C. § 2461(c) – Criminal
                                    Forfeiture)

4

5    32.    All of the allegations contained in this Indictment are re-alleged and by this reference

6    fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

7    United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461(c).

8    33.    Upon a conviction for any offense alleged in Counts One through Three of this

9    Indictment, the defendants,
                                EDVIN OVASAPYAN and
                                HAKOB KOJOYAN,
10

11   shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all

12   property, real or personal, constituting or derived from proceeds the defendants obtained directly and

13   indirectly as the result of the violation, including but not limited to a forfeiture money judgment.

14   34.    Upon a conviction for any offense alleged in Count Four of this Indictment, the

15   defendants,
                                EDVIN OVASAPYAN and
                                HAKOB KOJOYAN,
16

17   shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 982(a), and 28 U.S.C.

18   § 2461(c), all property, real or personal, involved in or traceable to the violation, or constituting or

19   derived from proceeds traceable directly and indirectly to a violation, including but not limited to a

20   forfeiture money judgment.

21   35.    Upon a conviction for any offense alleged in Count Five of this Indictment, the

22   defendants,
                                EDVIN OVASAPYAN and
                                HAKOB KOJOYAN,
23

24   shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), and 28 U.S.C. §

25   2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross

26   proceeds traceable to the commission of the offense, including but not limited to a money judgment.

27   36.    If any of the aforementioned property, as a result of any act or omission of the

28

INDICTMENT                              8

1  defendants –

2        a.    cannot be located upon the exercise of due diligence;

3        b.    has been transferred or sold to, or deposited with, a third person;

4        c.    has been placed beyond the jurisdiction of the Court;

5        d.    has been substantially diminished in value; or

6        e.    has been commingled with other property that cannot be divided without

7             difficulty;

8  any and all interest the defendants have in other property shall be vested in the United States and

9  forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982.

10       All in violation of Title 18, United States Code, Sections 981 and 982; Title 28, United States

11  Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

12

13  DATED: _Nov. 1, 2018_                A TRUE BILL

14

15                                            FOREPERSON

16

17  ALEX G. TSE
18  United States Attorney

19

20  STEPHANIE HINDS
21  Deputy Chief, Criminal Division

22

23  (Approved as to form: _____ )
24                    AUSA DAWSON

25

26

27

28

INDICTMENT                             9

# Exhibit B

Case 3:18-cr-00533-RS   Document 34   Filed 04/16/19   Page 1 of 2

1  DAVID L. ANDERSON (CABN 149604)
2  United States Attorney

3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division
4
   ANDREW F. DAWSON (CABN 264421)
5  GREGG W. LOWDER (CABN 107864)
   Assistant United States Attorneys
6
       450 Golden Gate Avenue, Box 36055
7      San Francisco, California 94102-3495
       Telephone: (415) 436-7200
8      FAX: (415) 436-6748
       Email: Gregg.Lowder@usdoj.gov
9

10 Attorneys for United States of America

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15 UNITED STATES OF AMERICA,              )   CASE NO.  CR 18-0533 RS
                                          )
16        Plaintiff,                      )   **THIRD BILL OF PARTICULARS FOR THE**
                                          )   **FORFEITURE OF PROPERTY**
17     v.                                 )
                                          )
18 EDVIN OVASAPYAN and                    )
   HAKOB KOJOYAN,                         )
19                                        )
                                          )
20        Defendant.                      )
   _____       )

21

22        The United States of America, by and through David L. Anderson, United States Attorney for the

23 Northern District of California, and Gregg W. Lowder, Assistant United States Attorney, hereby files the

24 following Third Bill of Particulars for notice of forfeiture of property.

25 ///

26 ///

27 ///

28 Third Bill of Particulars for Forfeiture of Property
   CR 18-0533 RS
                                          1

Case 3:18-cr-00533-RS   Document 34   Filed 04/01/19   Page 2 of 2
Case 3:18-cr-00533-RS   Document 38   Filed 04/16/19   Page 19 of 29

1    The Indictment in the above-captioned case filed on November 1, 2018, provides notice of and

2    seeks the forfeiture of both real and personal property pursuant to 18 U.S.C. §§ 981 and 982 and 28

3    U.S.C. § 2461(c).  The United States hereby gives notice that, in addition to any property already listed

4    in the forfeiture allegation, the Bill of Particulars for forfeiture of property filed on January 10, 2019,

5    and the Second Bill of Particulars for forfeiture property filed on February 14, 2019, the United States is

6    additionally seeking forfeiture of the following property:

7         • Real Property and Improvements located at 2481 N. Junipero Avenue, Palm Springs,

8            California 92262;

9         • Real Property and Improvements located at 383 Kalaimoku, Ritz Calton Tower 2,

10           Unit 3106, Honolulu, Hawaii 96815, titled in the name of ESJ Group, LLC;

11        • Real Property and Improvements located at 8654 Washington Blvd., Culver City,

12           California 90232, titled in the name of JPO22, LLC;

13        • Real Property and Improvements located at 4305 Groves Place, Somis, California 93066;

14        • Real Property and Improvements located at 4314 Marina City Drive, Apt 416, Marina

15           Del Rey, California 90292;

16   DATED: April 1, 2019                         Respectfully submitted,

17

18                                               DAVID L. ANDERSON
                                                 United States Attorney
19

20                                               GREGG W. LOWDER
                                                 Assistant United States Attorney
21

22

23

24

25

26

27

28   Third Bill of Particulars for Forfeiture of Property
     CR 18-0533 RS
                                                 2

# Exhibit C

Those certain premises comprising a portion of that certain condominium project known as "383 KALAIMOKU - TOWER 2" ("Project"), which Project consists of those certain parcels of land described herein and in that certain Declaration of Condominium Property Regime of 383 Kalaimoku - Tower 2 dated May 22, 2014, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. A-52560891 and in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. T-8908312, as the same may be amended from time to time ("Declaration"), and the improvements and appurtenances thereof, as described in and established by the Declaration, and as shown on the plans of the Project filed in said Bureau as Condominium Map No. 5288 and in said Office as Condominium Map No. 2244, as the same may be amended from time to time ("Condominium Map"), described as follows:

-FIRST:-

Unit No. 3106 ("Unit") located in the Project, established by the Declaration, and shown on the Condominium Map.

TOGETHER WITH those easements appurtenant to the Unit as set forth in the Declaration, which may include the following:

(a)    Nonexclusive easements in the Common Elements, including the Limited Common Elements, designed for such purposes as ingress to, egress from, utility services for and support, maintenance, and repair of the Unit; in the other Common Elements for use according to their respective purposes, subject always to the exclusive use of the Limited Common Elements as provided in the Declaration; and in the other Units in the building in which the Unit is located for support; subject to the provisions of Section 514B-38 of the Act.

(b)    If any part of the Common Elements now or hereafter encroaches upon any Unit or Limited Common Element, or if any Unit encroaches upon the Common Elements or upon any other Unit, a valid easement for such encroachment and the maintenance thereof, so long as it continues, shall exist. In the event that a Unit shall be partially or totally destroyed and then rebuilt, or in the event of any shifting, settlement, or movement of any part of the Project, encroachments of any part of the Common Elements, Units, or Limited Common Elements due to such construction, shifting, settlement, or movement shall be permitted, and valid easements for such encroachments and the maintenance thereof shall exist for so long as such encroachment continues.

(c)    Nonexclusive easements in and over the Front Desk Unit, the Parking Unit, and the Limited Common Elements appurtenant thereto, as depicted on the Condominium Map, only to the extent that such easements are necessary for ingress to and egress from such Units, and to and from any Limited Common Element areas appurtenant to such Units, to the extent required under the Act.

EXCEPTING AND RESERVING AND SUBJECT TO all easements as provided in the Declaration, including, but not limited to, (i) easements for encroachments appurtenant to other Units or the Common Elements as they arise in the manner set forth above, now or hereafter existing thereon; (ii) easements for access to the Unit or any Limited Common Element appurtenant thereto from time to time during reasonable hours as may be appropriate for the operation or maintenance of the Project and, without notice, at any time for (a) making emergency repairs therein necessary to prevent damage to any Unit or Limited Common Element, (b) abating any nuisance or any dangerous, unauthorized, prohibited or unlawful activity, (c) protecting the property rights of any Owner, or (d) preventing death or serious bodily injury to any Owner or Occupant therein; (iii) easements necessary to complete the Project, for noise and dust, to conduct sales activities upon the Project; and (iv) easements necessary pursuant to the exercise of any reserved rights set forth in the Declaration, all as provided in the Declaration.

-SECOND:-

An undivided 0.48899296 interest appurtenant to the Unit, in all Common Elements of the Project, as established for the Unit by the Declaration, or such other fractional or percentage interest as hereafter established for the Unit by any amendment of the Declaration, as tenant in common with all other owners and tenants thereof.

ALL TOGETHER WITH AND SUBJECT TO as to FIRST and SECOND above, the covenants, agreements, easements, obligations, conditions, exceptions, reservations and other matters and provisions of the Declaration and the Bylaws, all of which are incorporated herein by this reference and which constitute and shall constitute covenants running with the land, equitable servitudes and liens to the extent set forth therein and provided by law, and which are hereby accepted by the Grantee as binding and to be binding on the Grantee, and Grantee's successors and assigns.

The lands upon which the Project is located are described as follows:

-ITEM I:-

All of that certain parcel of land situate at Waikiki, Honolulu, City and County of Honolulu, State of Hawaii, described as follows:

LOT A, area 35,458 square feet, more or less, as shown on Map 1, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Consolidation No. 209 of Food Pantry, Ltd.

Together with an undivided 3/154 part of and interest in and to and a right of way to be used in common with other owners thereof, over, across, along and upon Lot 245, and an undivided 10/154 part of and interest in and to a right of way to be used in common with the other owners thereof, over, across, along and upon Lots 243 and 244, as shown on Map 35, said Lots 243, 244 and 245 comprising a private roadway 40 feet in width, as shown on Map 35, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 551 of Archibald Alfred Young.

Being land(s) described in Transfer Certificate of Title No. 1,094,574 issued to PACREP 2 LLC, a Delaware limited liability company.

-ITEM II:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 4537, Land Commission Award Number 6386, Apana 7 to Kaahao) situate, lying and being at Waikiki, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 1 (portion of former Kaiolu Street) and thus bounded and described as per survey map dated June 27, 1997, containing an area of 2,410 square feet, more or less.

Together also with the following easements, as granted by DECLARATION OF RECIPROCAL EASEMENTS AND IRREVOCABLE FACILITIES LICENSE dated January 26, 2016, recorded in said Bureau as Document No. A-58710972 and in said Office as Document No. T-9523248, said easements being more particularly described therein; subject, however, to the terms and provisions contained therein:

(A)  Nonexclusive easement for ingress and egress over the Phase 1 Public Shared Facilities defined therein and Phase 1 Parking Facilities defined therein and also depicted on the Shared Facilities Map attached thereto as Exhibit "C"; and

(B)  Nonexclusive easement for utilities across, through and on said Phase 1 Public Shared Facilities, the Phase 1 Private Shared Facilities defined therein, and said Phase 1 Parking Facilities.

BEING THE PREMISES ACQUIRED BY LIMITED WARRANTY DEED

GRANTOR    :    FOOD PANTRY, LTD., a Hawaii corporation

GRANTEE    :    PACREP 2 LLC, a Delaware limited liability company, as Tenant in Severalty

DATED       :    March 24, 2015
FILED        :    Land Court Document No. T-9213088
RECORDED :    Document No. A-55610353

SUBJECT, HOWEVER, to the following:

1.    Any and all improvement assessments that may be due and owing.

2.    Mineral and water rights of any nature.

3.    -AS TO ITEM I (LOT A):-

    (A)    GRANT

        TO              :    HAWAIIAN ELECTRIC COMPANY, INC.

        DATED        :    June 12, 1951
        FILED          :    Land Court Document No. 130136
        GRANTING   :    a right and easement for electrical purposes

    (B)    GRANT

        TO              :    HAWAIIAN ELECTRIC COMPANY, INC.

        DATED        :    September 8, 1982
        FILED          :    Land Court Document No. 1135047
        GRANTING   :    a right and easement for electrical purposes

    (C)    GRANT

        TO              :    GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, now known as HAWAIIAN TELCOM, INC.

        DATED        :    December 18, 1991
        FILED          :    Land Court Document No. 1877112
        GRANTING   :    a right and easement for utility purposes

    (D)    "(a) easements for public utilities as noted on Applicant's map filed herewith, and (b) an agreement dated March 13th, 1940, between John H. Magoon, Alfred K. Magoon and Eaton H. Magoon, Trustees et al., as Grantors and The Hawaiian Electric Company, Limited, as Grantee, the original of which agreement is on file in the Office of the Clerk of the Land Court; and (c) a stipulation dated August 7, 1940, which is also on file in the Office of the Clerk of said Land Court.", as mentioned in Original Certificate of Title No. 22,921, and as set forth in WARRANTY DEED WITH RESERVATION OF DENSITY, BUILDING HEIGHT LIMITATION, AND ENCUMBRANCES dated January 7, 1997, filed as Land Court Document No. 2359216.

(E)    The terms and provisions contained in the following:

      INSTRUMENT  :   WARRANTY DEED WITH RESERVATION OF DENSITY, BUILDING
                          HEIGHT LIMITATION, AND ENCUMBRANCES

      DATED       :   January 7, 1997
      FILED       :   Land Court Document No. 2359216

      RELEASE OF RESTRICTIONS dated January 4, 2016, filed as Land Court Document No.
      T-9508259, recorded as Document No. A-58560476.

(F)    The terms and provisions contained in the following:

      INSTRUMENT  :   AGREEMENT FOR ISSUANCE OF CONDITIONAL USE PERMIT
                          UNDER SECTION 5.380 OF THE LAND USE ORDINANCE (LUO)

      DATED       :   March 30, 2001
      FILED       :   Land Court Document No. 2695742
      PARTIES     :   FOOD PANTRY LTD., "Declarant"

(G)    The terms and provisions contained in the following:

      INSTRUMENT  :   AGREEMENT FOR ISSUANCE OF CONDITIONAL USE PERMIT
                          UNDER SECTION 21-5.380 OF THE LAND USE ORDINANCE (LUO)

      DATED       :   April 18, 2002
      FILED       :   Land Court Document No. 2796723
      PARTIES     :   KALAKAUA SOUTHSEAS OWNERS LLC, a Hawaii limited liability
                          company, K3 OWNERS LLC, a Hawaii limited liability company, and
                          FOOD PANTRY, LTD., a Hawaii corporation

(H)    DESIGNATION OF EASEMENT "2"

      PURPOSE     :   traffic equipment and related appurtenances
      SHOWN       :   on Map 1, filed with Land Court Consolidation No. 209, as set forth by
                          Land Court Order No. 149389, filed on February 11, 2003, as amended by
                          Land Court Order No. 151839, filed on July 23, 2003

(I)    DESIGNATION OF EASEMENT "3"

      PURPOSE     :   access and sewer
      SHOWN       :   on Map 1, filed with Land Court Consolidation No. 209, as set forth by
                          Land Court Order No. 149389, filed on February 11, 2003, as amended by
                          Land Court Order No. 151839, filed on July 23, 2003

(J)    GRANT

      TO          :   CITY AND COUNTY OF HONOLULU

      DATED       :   September 12, 2003
      FILED       :   Land Court Document No. 3000735
      GRANTING    :   Easement "3" for access purposes

(K)   GRANT

      TO             :    CITY AND COUNTY OF HONOLULU

      DATED       :    September 12, 2003
      FILED        :    Land Court Document No. 3000736
      GRANTING  :    easements for the construction, reconstruction, installation, maintenance, operation, repair and removal of its underground sewer pipelines with manholes, etc., as part of a sewer system, through, under and across the property designated as Easement 3

(L)   GRANT

      TO             :    CITY AND COUNTY OF HONOLULU

      DATED       :    September 12, 2003
      FILED        :    Land Court Document No. 3000737
      GRANTING  :    an easement to construct, reconstruct, install, maintain, operate, repair and remove traffic signal-related infrastructure, including but not limited to standards, cabinets, electric meters, etc., on the property designated as Easement 2

(M)   The terms and provisions contained in the following:

      INSTRUMENT :    ENCROACHMENT AGREEMENT

      DATED       :    March 22, 2011
      FILED        :    Land Court Document No. T-4059414
      PARTIES     :    RENTZ, LLC, a Hawaii limited liability company, and FOOD PANTRY, LTD., a Hawaii corporation

(N)   DESIGNATION OF EASEMENT "4"

      PURPOSE     :    sanitary sewer
      SHOWN      :    on Map 2, filed with Land Court Consolidation No. 209, as set forth by Order filed as Land Court Document No. T-8506241, on April 16, 2013

(O)   GRANT

      TO             :    CITY AND COUNTY OF HONOLULU

      DATED       :    October 18, 2012
      FILED        :    Land Court Document No. T-8522307
      GRANTING  :    a non-exclusive easement through, under, and across the Easement Area for the purposes of constructing, reconstructing, installing, maintaining, operating, repairing and removing the subject Infrastructure and such sewer pipeline(s), manholes and other equipment, said Easement being more-particularly shown on map attached thereto

(P)   GRANT

      TO             :    HAWAIIAN ELECTRIC COMPANY, INC., a Hawaii corporation

      DATED       :    December 19, 2014
      FILED        :    Land Court Document No. T-9123322

GRANTING     :     a right and easement over and across Easement "E-4" as shown on map attached thereto

(Q)     -AS TO THE UNDIVIDED INTERESTS IN LOTS 243, 244 AND 245:-

    (1)     GRANT

        TO                    :     CITY AND COUNTY OF HONOLULU

        DATED          :     January 30, 1967
        FILED           :     Land Court Document No. 411559
        GRANTING   :     an easement to construct, reconstruct, install, maintain, operate, repair and remove an underground sewer pipeline or pipelines, as part of a sewer system

    (2)     GRANT

        TO                    :     CITY AND COUNTY OF HONOLULU and the BOARD OF WATER SUPPLY

        DATED          :     June 28, 2000
        FILED           :     Land Court Document.No. 2634896
        GRANTING   :     an easement to construct, install, maintain, operate, replace and remove an underground water pipeline or pipelines together with such meters, fire hydrants, etc.

    (3)     Rights of others who own undivided interest(s) in said lots.

4.     -AS TO ITEM II (LOT 1):-

    (A)     DESIGNATION OF EASEMENT "AU-1"

        PURPOSE   :     access and utility
        SHOWN      :     on map prepared by Milton S. Watanabe, Land Surveyor, dated June 27, 1997, filed in the Department of Planning and Permitting, City and County of Honolulu, State of Hawaii, as File Number 2002/SUB-63 and approved April 5, 2002

    (B)     DESIGNATION OF EASEMENT "1000"

        PURPOSE   :     access and sewer
        SHOWN      :     on map prepared by Wilfred Y. K. Chin, Land Surveyor, with ControlPoint Surveying, Inc., filed in the Department of Planning and Permitting, City and County of Honolulu, State of Hawaii, as File Number 2002/SUB-90 and approved May 17, 2002

    (C)     As to said Easement "AU-1": Reservations unto the CITY AND COUNTY OF HONOLULU for access and utility purposes, and unto HAWAIIAN ELECTRIC COMPANY, INC. and VERIZON HAWAII INC., now known as HAWAIIAN TELCOM, INC., the right to install and maintain existing utility lines, as set forth in QUITCLAIM DEED dated September 12, 2003, recorded as Document No: 2003-209177.

        RELEASE OF RESERVATION by CITY AND COUNTY OF HONOLULU, dated June 16, 2016, recorded as Document No. A-60300603.

5.    DESIGNATION OF EASEMENT "S-9"

| | | |
|---|---|---|
| PURPOSE | : | sewer |
| SHOWN | : | on Subdivision map approved on July 20, 2012, File No. 2012/SUB-90 |

The above designation will not be recognized or noted on Transfer Certificate of Title No. 1,094,574, until such time that an Order designating said easement is filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii.

6.    GRANT

| | | |
|---|---|---|
| TO | : | PACREP LLC, a Delaware limited liability company |

| | | |
|---|---|---|
| DATED | : | December 24, 2013 |
| FILED | : | Land Court Document No. T-8761407 |
| RECORDED | : | Document No. A-51091280 |
| GRANTING | : | a non-exclusive right and easement for the construction, installation, maintenance, inspection, repair, alteration, replacement, reconstruction and removal of Construction Elements serving the Benefitted Property, together with appurtenances thereto, in, to, over, across, along and through the Easement Area, more particularly shown on map attached thereto |

7.    The terms and provisions contained in the following:

| | | |
|---|---|---|
| INSTRUMENT | : | DECLARATION OF CONDOMINIUM PROPERTY REGIME OF 383 KALAIMOKU - TOWER 2 |

| | | |
|---|---|---|
| DATED | : | May 22, 2014 |
| FILED | : | Land Court Document No. T-8908312 |
| RECORDED | : | Document No. A-52560891 |
| MAPS | : | 2244 filed in the Office of the Assistant Registrar of the Land Court, and 5288 recorded in the Bureau of Conveyances, and any amendments thereto |

ASSIGNMENT OF DEVELOPER'S RIGHTS dated --- (filed October 11, 2016), filed as Land Court Document No. T-9780145, recorded as Document No. A-61280385.

Said Declaration was amended by instrument(s) dated April 4, 2018, filed as Land Court Document No. T-10325186, recorded as Document No. A-66730914, and dated June 26, 2018, filed as Land Court Document No. T-10405252, recorded as Document No. A-67530758.

8.    The terms and provisions contained in the following:

| | | |
|---|---|---|
| INSTRUMENT | : | BYLAWS OF THE ASSOCIATION OF UNIT OWNERS OF 383 KALAIMOKU - TOWER 2 |

| | | |
|---|---|---|
| DATED | : | May 22, 2014 |
| FILED | : | Land Court Document No. T-8908313 |
| RECORDED | : | Document No. A-52560892 |

ASSIGNMENT OF DEVELOPER'S RIGHTS dated --- (filed October 11, 2016), filed as Land Court Document No. T-9780145, recorded as Document No. A-61280385.

9.    The terms and provisions contained in the following:

INSTRUMENT  :    (UNRECORDED) AGREEMENT TO LEASE AND OPTION TO PURCHASE
                 AGREEMENT

DATED       :    June 17, 2014
PARTIES     :    SMK, INC., a Hawaii corporation, and PACREP 2 LLC, a Delaware limited liability
                 company
RE          :    purchase or lease of a commercial unit

MEMORANDUM OF AGREEMENT FOR RIGHT OF FIRST REFUSAL dated March 24, 2015, filed as
Land Court Document No. T-9254100, recorded as Document No. A-56020468.

10.   Encroachments or any other matters as shown on survey map(s) prepared by Dan L. Akita, Land Surveyor,
      with R. M. Towill Corporation, dated January 12, 2015.

11.   Encroachments or any other matters which a survey prepared after January 12, 2015 would disclose.

12.   The terms and provisions contained in the following:

INSTRUMENT  :    DECLARATION OF RESTRICTIVE COVENANT

DATED       :    March 24, 2015
FILED       :    Land Court Document No. T-9254099
RECORDED    :    Document No. A-56020467

13.   The terms and provisions contained in the following:

INSTRUMENT  :    DECLARATION OF RECIPROCAL EASEMENTS AND IRREVOCABLE
                 FACILITIES LICENSE

DATED       :    January 26, 2016
FILED       :    Land Court Document No. T-9523248
RECORDED    :    Document No. A-58710972
PARTIES     :    PACREP LLC, a Delaware limited liability company, and PACREP 2 LLC, a
                 Delaware limited liability company (collectively, "Declarants")

MORTGAGEE'S CONSENT TO DECLARATION OF RECIPROCAL EASEMENTS AND
IRREVOCABLE FACILITIES LICENSE dated March 3, 2016, filed as Land Court Document No.
T-9565253.

14.   Any claim or boundary dispute which may exist or arise by reason of the failure of the DECLARATION
      OF RECIPROCAL EASEMENTS AND IRREVOCABLE FACILITIES LICENSE dated January 26,
      2016, filed as Land Court Document No. T-9523248, recorded as Document No. A-58710972, referred to
      herein, to locate with certainty the boundaries of a nonexclusive easement for ingress and egress over the
      Phase 1 Public Shared Facilities and the Phase 1 Parking Facilities defined therein and also depicted on the
      Shared Facilities Map attached thereto as Exhibit "C"; and a nonexclusive easement for utilities across,
      through and on said Phase 1 Public Shared Facilities, the Phase 1 Private Shared Facilities defined therein,
      and said Phase 1 Parking Facilities.

15.   The terms and provisions contained in the following:

INSTRUMENT  :    LANDSCAPE MAINTENANCE AGREEMENT AND CONSENT

DATED       :    September 26, 2017

| | | |
|---|---|---|
| FILED | : | Land Court Document No. T-10131261A |
| RECORDED | : | Document No. A-64790897A |
| PARTIES | : | PACREP 2 LLC, a Delaware limited liability company ("Developer"), in favor of the CITY AND COUNTY OF HONOLULU, a municipal corporation (the "City") |
| CONSENT | : | given by BREDS III LOAN HOLDINGS LLC, a Delaware limited liability company ("Lender"), by instrument dated September 26, 2017, filed as Land Court Document No. T-10131261B, recorded as Document No. A-64790897B |

16.    GRANT

| | | |
|---|---|---|
| TO | : | HAWAIIAN ELECTRIC COMPANY, INC., a Hawaii corporation |
| DATED | : | November 28, 2017 |
| FILED | : | Land Court Document No. T-10196198 |
| RECORDED | : | Document No. A-65440431 |
| GRANTING | : | a right and easement over and across Easements E-5, E-6, and E-7 for utility purposes, as shown on the maps attached thereto |

TOGETHER WITH those furniture, appliances and furnishings included with said Unit as described in 383 Kalaimoku - Tower 2 Sales Contract executed between Grantor and Grantee covering said Unit, and any and all supplements, addenda and amendments thereto.