DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
GREGG W. LOWDER (CABN 107864)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7044
    Fax: (415) 436-7234
    Andrew.Dawson@usdoj.gov
    Gregg.Lowder@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-533 RS |
| Plaintiff, | **STIPULATED JOINT APPLICATION OF THE UNITED STATES AND DEFENDANT EDVIN OVASAPYAN FOR A PRELIMINARY ORDER OF FOREITURE** |
| v. | |
| EDVIN OVASAPYAN, | |
| Defendant. | |

    The United States of America, by and through the undersigned Assistant United States Attorneys and Edvin Ovasapyan and his attorney Brian J. Stretch, respectfully submit this Stipulated Joint Application for a Preliminary Order of Forfeiture. The property subject to the proposed Preliminary Order of Forfeiture is as follows (hereinafter referred to as "the subject property"):

    a.    one brown and black Panerai Luminor watch, seized pursuant to a search warrant on or about November 8, 2018;

    b.    383 Kalaimoku, Ritz Carlton Tower 2, Unit 3106, Honolulu, Hawaii 96815 (also referred to by street location address 2120 Lauula Avenue, Unit 3106, Honolulu, Hawaii), with

        title vested in ESJ GROUP, LLC;

c.   4314 Marina City Dr., Apt. 416, Marina Del Rey, CA 90292, with title vested in ESJ GROUP, LLC;

d.   approximately $1,304.12 seized pursuant to a seizure warrant from a Citibank bank account held in the name of AAROGMSURG INC.;

e.   approximately $44,427.96 seized pursuant to a seizure warrant from a Bank of America bank account held in the name of JPO22 LLC;

f.   approximately $15,042.63 seized pursuant to a seizure warrant from a Bank of America bank account held in the name of ESJ GROUP;

g.   approximately $40,689.99 seized pursuant to a seizure warrant from a Bank of America bank account held in the name of MAINSPRING DISTRIBUTION LLC;

h.   $8,275 in cash seized pursuant to a search warrant on or about November 8, 2018;

i.   Two yellow diamonds seized pursuant to a search warrant on or about November 8, 2018;

j.   $38,101.54 delivered to the government and which represents the total equity received in the sale of one 2009 Ferrari Scuderia F430 bearing VIN number ZFFKW64A890166875;

k.   $44,719.24 delivered to the government and which represents the total equity received in the sale of one 2018 Ferrari 488 GTB bearing VIN number ZFF79ALA4J0230819;

l.   $33,310.75 delivered to the government and which represents the total equity received in the sale of one 2015 Ferrari 458 Speciale bearing VIN number ZFF75VFA7F0205080;

m.   $32,848.61 delivered to the government and which is represents the total equity received in the sale of one 2009 Mercedes SL65 bearing VIN number WDBSK79F99156694;

n.   $85,314.53 delivered to the government and which represents the total equity received in the sale of one 2016 Ferrari F12 TDF bearing VIN number ZFF81BFA8G0218985;

o.   $44,874.37 delivered to the government and which represents the total equity received in the sale of one 2011 Ferrari 599 bearing VIN number ZFF70RCA9B0182941C;

p.   $56,594.30 delivered to the government and which represents the total equity received in the sale of one 2014 Mercedes AMG SLS Black Series bearing VIN number

|     |     |     |
| --- | --- | --- |
| 1   |     | WDDRJ7HA6EA010789; |
| 2   | q.  | $80,000.00 delivered to the government and which represents the total equity received in the sale of one 2018 Mercedes Benz AMG E63 S, VIN WDDZF8KB6JA207464;[1] |
| 4   | r.  | $145,985.41 delivered to the government and which represents the total equity received in the sale of 5100 Riverton Avenue, Unit 14, North Hollywood, CA 91601, parcel identification number 2419-010-040, with title vested in ESJ GROUP, LLC; and |
| 7   | s.  | $40,000.00 delivered to the government and which represents the total equity received in the sale of one 2015 Mercedes Benz S550, WDDUG8CB7FA183706. [2] |

The real property listed immediately above as "r." was not listed in the plea agreement due to its previous pending sale status, and the proceeds of that completed sale are now included here for forfeiture. The defendant herein agrees to its forfeiture to the government.

**Factual Background**

On September 5, 2019, defendant Edvin Ovasapyan was charged by Superseding Indictment with violations of Title 18, United States Code, Sections 1349 (Conspiracy to Commit Wire Fraud); Title 18, United States Code, Section 1956(h) (Conspiracy to Commit Laundering of Monetary Instruments); and Title 18, United States Code, Section 371 (Conspiracy to Engage in the Unlawful Wholesale Distribution of Drugs). The Indictment also sought criminal forfeiture pursuant to Title 18, United States Code, Sections 981(a) and 982(a), as well as Title 28, United States Code, Section 2461.

The defendant entered pleas of guilty before this Court and is awaiting sentencing.

In addition to statements in the sealed plea agreement that agree to the forfeiture of the above property, the defendant Edvin Ovasapyan admits herein that the properties referred to above as the subject property, including r., were either purchased by him directly; purchased by him indirectly and for his sole benefit by conducting the purchase through a third party who provided no consideration for

---

[1] This asset was listed as the 2018 Mercedes vehicle itself in the plea agreement, but by agreement of the parties that vehicle was sold and the proceeds of its sale were provided to the government. Those proceeds are listed here for forfeiture to the government instead of the vehicle. The same occurred with the 2015 Mercedes vehicle listed as asset "s." below this asset.

[2] Other additional property is subject to forfeiture based upon the defendant's plea agreement, and the government intends to file a later application for a preliminary order of forfeiture for that property. That property is either pending a sale or is anticipated to be sold in the near future, and the proceeds of such sales will be sought to be forfeited instead.

any such purchase; or purchased by him using entities entirely created and controlled by him that acted on his behalf and for the benefit of him solely and personally. The defendant hereby admits that each of the properties listed above as the subject property, including r., was purchased entirely and solely with the proceeds of the unlawful activity to which he has pleaded guilty. The defendant further agrees each and all of the subject properties are thus forfeitable to the United States pursuant to Title 18, United States Code, Sections 981(a) and 982(a) and Title 28, United States Code, Section 2461(c). The defendant Edvin Ovasapyan agrees to forfeit each of the properties listed above as the subject property and consents to the entry of the proposed Preliminary Order of Forfeiture. These statements and admissions supplement the plea agreement statements and admissions.

**Basis for a Preliminary Order of Forfeiture**

Rule 32.2 of the Federal Rules of Criminal Procedure addresses criminal forfeiture procedure and states that a preliminary order of forfeiture may issue before sentencing, and it can become final before sentencing if the defendant consents per Rule 32.2(b)(1)(A) and (b)(4)(A), as outlined below.

Rule 32.2(b)(1)(A) provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty on any count in an indictment with regard to which criminal forfeiture is sought, a court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.

Rule 32.2(b)(1)(B) provides that the court's determination may be based on evidence already in the record, "including any written plea agreement[.]" Forfeiture may be agreed to by the parties, as here, and the court may determine the nexus of the specific property to the offense based on evidence or information before the court or presented by the parties, including any agreement of the parties.

Rule 32.2(b)(2) states that if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of the specific property without regard to any third party's interest in all or part of it. As to the interest of third parties, the rule provides that, "Determining whether a third party has such an interest must be deferred until any third party files a claim in the subsequent ancillary proceeding under Rule 32.2(c)."

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General or a designee to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statute governing third-party rights. A court may include in the order of forfeiture any conditions reasonably necessary to preserve the property's value pending any appeal.

Rule 32.2(b)(4)(A) states that at sentencing or "at any time before sentencing if the defendant consents" the preliminary forfeiture order "becomes final as to the defendant." The ancillary proceeding determining third party interests begins after a preliminary order of forfeiture terminating the defendant's interest is entered.

Pursuant to the defendant's admissions, including in this document, the parties agree that there exists a requisite nexus between the subject property and the offenses of conviction. Accordingly, the subject property is subject forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a) and 982(a), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

**Procedure Following Issuance of the Preliminary Order of Forfeiture**

Upon the issuance of a the proposed Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish for at least 30 days on www.forfeiture.gov, a government website, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Gregg W. Lowder, Assistant United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, and

1  any additional facts supporting the petitioner's claim and the relief sought. The United States may also,
2  to the extent practicable, provide direct written notice to any person known to have alleged an interest in
3  the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice
4  as to those persons so notified.

### Request for Preliminary Order of Forfeiture

6  The parties therefore stipulate to and request this Court enter the accompanying proposed
7  Preliminary Order of Forfeiture, which provides for the following:

8      a.  authorizes the forfeiture of the subject property to the United States;

9      b.  authorizes the United States, through its appropriate agency, to seize the forfeited property
10 forthwith;

11     c.  authorizes the government to conduct discovery in order to identify, locate, or dispose of
12 property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal
13 Procedure;

14     d.  directs the United States to publish on a government website for at least 30 days, notice of
15 this Order, notice of the government's intent to dispose of the property in such manner as the Attorney
16 General may direct and provide notice that any person, other than the defendant, having or claiming a
17 legal interest in the subject property must file a petition with the Court and serve a copy on government
18 counsel within 30 days of the final publication of notice or of receipt of actual notice, whichever is
19 earlier; and

20 ///
21
22 ///
23
24 ///
25
26 ///
27
28 ///

    e. the Court retains jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**THE PARTIES HEREBY STIPULATE TO THIS APPLICATION AND TO THE ADMISSIONS THEREIN.**

Dated: 8/21/2020                            DAVID L. ANDERSON
                                           United States Attorney

                                           _____/S/_____
                                           GREGG W. LOWDER
                                           ANDREW F. DAWSON
                                           Assistant United States Attorneys

Dated: 8/21/2020

                                           _____/S/_____
                                           EDVIN OVASAPYAN

Dated: 8/21/2020

                                           _____/S/_____
                                           BRIAN J. STRETCH
                                           Attorney for Edvin Ovasapyan