DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
GREGG W. LOWDER (CABN 107864)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7044
    Fax: (415) 436-7234
    Andrew.Dawson@usdoj.gov
    Gregg.Lowder@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-533 RS |
|     Plaintiff, | **SECOND STIPULATED JOINT APPLICATION OF THE UNITED STATES AND DEFENDANT EDVIN OVASAPYAN FOR A SECOND PRELIMINARY ORDER OF FORFEITURE** |
|     v. | |
| EDVIN OVASAPYAN, | |
|     Defendant. | |

The United States of America, by and through the undersigned Assistant United States

Attorneys, and Edvin Ovasapyan and his attorney Brian J. Stretch, respectfully submit this Second

Stipulated Joint Application for a Preliminary Order of Forfeiture. The property subject to this proposed

Second Preliminary Order of Forfeiture is as follows (hereinafter "the subject property"):

    a.    8654 Washington Blvd., Culver City, CA 90232, parcel identification number 4312-024-
            001.

    This subject property was not included in the government's stipulated application for the first

1  Preliminary Order of Forfeiture, which order this Court signed. *See* Dkts. 113, 114.[1] That stipulated

2  application and order did not include the above real property because of its anticipated imminent sale,

3  the proceeds of which would have been forfeitable to the government and used to satisfy the lienholder.

4  That sale did not develop, and the government is now seeking the forfeiture of this real property, by

5  stipulation. However, if a timely private sale does develop, the parties may seek an amendment to this

6  order from the Court to permit the sale.

7        Accordingly, the parties agree herein to the issuance of the accompanying Second Stipulated

8  Preliminary Order of Forfeiture.

9  **Factual Background**

10       On September 5, 2019, defendant Edvin Ovasapyan was charged by Superseding Indictment

11 with violations of Title 18, United States Code, Sections 1349 (Conspiracy to Commit Wire Fraud);

12 Title 18, United States Code, Section 1956(h) (Conspiracy to Commit Laundering of Monetary

13 Instruments); and Title 18, United States Code, Section 371 (Conspiracy to Engage in the Unlawful

14 Wholesale Distribution of Drugs). The Indictment also sought criminal forfeiture pursuant to Title 18,

15 United States Code, Sections 981(a) and 982(a), as well as Title 28, United States Code, Section 2461.

16       The defendant entered pleas of guilty before this Court and is awaiting sentencing.

17       In addition to statements in the sealed plea agreement that agree to the forfeiture of the above

18 property, the defendant Edvin Ovasapyan admits herein that the property referred to above as the subject

19 property was purchased by him directly by using an LLC entirely created and controlled by him and that

20 acted on his behalf and at his sole direction, and without engaging in any corporate formalities, and

21 further acted for the benefit of him solely and personally. The defendant hereby admits that the subject

22 property was purchased with proceeds of the unlawful activity to which he has now pleaded guilty. The

23 defendant further admits and agrees the subject property is thus forfeitable to the United States pursuant

24

25       [1] As noted in the first application (Dkts. 113 at 3, fn. 2), numerous assets are subject to forfeiture

26 in this case, and the government intends to file at least one more application for another, third
   preliminary order of forfeiture as to those assets. Several assets have already been sold privately and the

27 proceeds of those sales were forfeited in the first Preliminary Order of Forfeiture. Other assets are
   anticipated to be sold, and those proceeds will be the subject of a subsequent forfeiture order application.

28 As the plea agreement reflects, a number of the forfeitable assets are unique and have significant value.

to Title 18, United States Code, Sections 981(a) and 982(a) and Title 28, United States Code, Section 2461(c). The defendant Edvin Ovasapyan agrees and consents to the entry of the proposed Second Preliminary Order of Forfeiture.

**Basis for a Preliminary Order of Forfeiture**

Rule 32.2 of the Federal Rules of Criminal Procedure addresses criminal forfeiture procedure and states that a preliminary order of forfeiture may issue before sentencing, and it can become final before sentencing if the defendant consents per Rule 32.2(b)(1)(A) and (b)(4)(A), as outlined below.

Rule 32.2(b)(1)(A) provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty on any count in an indictment with regard to which criminal forfeiture is sought, a court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.

Rule 32.2(b)(1)(B) provides that the court's determination may be based on evidence already in the record, "including any written plea agreement[.]" Forfeiture may be agreed to by the parties, as here, and the court may determine the nexus of the specific property to the offense based on evidence or information before the court or presented by the parties, including any agreement of the parties.

Rule 32.2(b)(2) states that if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of the specific property without regard to any third party's interest in all or part of it. As to the interest of third parties, the rule provides that, "Determining whether a third party has such an interest must be deferred until any third party files a claim in the subsequent ancillary proceeding under Rule 32.2(c)."

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General or a designee to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statute governing third-party rights. A court may include in the order of forfeiture any conditions reasonably necessary to preserve the property's value pending any appeal.

1    Rule 32.2(b)(4)(A) states that at sentencing or "at any time before sentencing if the defendant

2    consents" the preliminary forfeiture order "becomes final as to the defendant." The ancillary proceeding

3    determining third party interests begins after a preliminary order of forfeiture terminating the

4    defendant's interest is entered, and the final order of forfeiture settles the title after any ancillary

5    proceeding relating to third party claims.

6    Pursuant to the defendant's admissions, including in this document, the parties agree that there

7    exists a requisite nexus between the subject property and the offenses of conviction. Accordingly, the

8    subject property is subject to forfeiture to the United States pursuant to Title 18, United States Code,

9    Sections 981(a) and 982(a), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal

10   Rules of Criminal Procedure.

11   **Procedure Following Issuance of the Preliminary Order of Forfeiture**

12   Upon the issuance of a the proposed Preliminary Order of Forfeiture and pursuant to Title 21,

13   United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or

14   Maritime Claims and Asset Forfeiture Actions, the United States will publish for at least 30 days on

15   www.forfeiture.gov, a government website, notice of this Order, notice of its intent to dispose of the

16   property in such manner as the Attorney General may direct, and notice that any person, other than the

17   defendant, having or claiming a legal interest in the property must file a petition with the Court and

18   serve a copy on Gregg W. Lowder, Assistant United States Attorney, 450 Golden Gate Avenue, Box

19   36055, San Francisco, CA 94102, within 30 days of the final publication of notice or of receipt of actual

20   notice, whichever is earlier.

21   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the

22   petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury,

23   shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, and

24   any additional facts supporting the petitioner's claim and the relief sought. The United States may also,

25   to the extent practicable, provide direct written notice to any person known to have alleged an interest in

26   the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice

27   as to those persons so notified.

28

STIPULATED SECOND APP FOR SECOND PRELIM ORDER OF
FORFEITURE                                                4
CR 18-533 RS

**Request for Preliminary Order of Forfeiture**

The parties therefore stipulate to and request this Court enter the accompanying proposed Preliminary Order of Forfeiture, which provides for the following:

a.   forfeits the subject property to the United States;

b.   authorizes the United States, through its appropriate agency, to seize the forfeited property forthwith;

c.   authorizes the government to conduct discovery in order to identify, locate, or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

d.   directs the United States to publish on a government website for at least 30 days, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendant, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

e.   the Court retains jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**THE PARTIES HEREBY STIPULATE TO THIS APPLICATION AND TO THE ADMISSIONS THEREIN.**

Dated: 9/2/2020

DAVID L. ANDERSON
United States Attorney


_____/S/_____
GREGG W. LOWDER
ANDREW F. DAWSON
Assistant United States Attorneys

Dated: 9/2/2020

_____/S/
EDVIN OVASAPYAN
Defendant

Dated: 9/2/2020

_____/S/_____
BRIAN J. STRETCH
Attorney for Edvin Ovasapyan